1  Roger D. Mellem, WSBA No. 14917
2  Robin A. Schachter, WSBA No. 23970
   Britenae Pierce, WSBA No. 34032
3  Ryan, Swanson & Cleveland, PLLC
   1201 Third Avenue, Suite 3400
4  Seattle, WA 98101
   (206) 464-4224
5  Attorneys for Plaintiffs

**FILED IN THE**
**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF WASHINGTON**

**JUL 0 3 2006**

**JAMES R. LARSEN, CLERK**
_____DEPUTY
RICHLAND, WASHINGTON

6

7

8              UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF WASHINGTON
9                        AT SPOKANE

10  PIPER JAFFRAY & CO., a Delaware          ~~The Honorable Lonny R. Suko~~
    corporation, and UBS FINANCIAL
11  SERVICES INC., a Delaware corporation,   NO. CV-06-5054-~~LRS~~ *EFS*

12                          Plaintiffs,      **TEMPORARY**
13                                           **RESTRAINING ORDER**
         v.                                  **[~~PROPOSED~~]**
14
    WILLIAM P. FLEENOR and
15  D.A. DAVIDSON & CO., a Montana
    corporation,
16
17                          Defendants.

18

19      This matter came before the Court on Plaintiffs' Motion for Temporary

20  Restraining Order and Expedited Discovery. The Court having considered the

21  records and files of this proceeding, including the following materials

22  submitted by Piper Jaffray & Co., Inc. ("Piper Jaffray") and UBS Financial

23  Services Inc. ("UBS") (collectively "Plaintiffs"):

24  (a)  Complaint for Immediate Injunctive Relief;

25  (b)  Plaintiffs' Motion for Temporary Restraining Order and Expedited
26       Discovery and Memorandum in Support Thereof;

*[handwritten margin notes: July 3, 2006 ... written notice of the TRO hearing at 2:30 p.m. ... JEFS]*

TEMPORARY RESTRAINING ORDER          Ryan, Swanson & Cleveland, PLLC
[PROPOSED] – 1
                                              1201 Third Avenue, Suite 3400
                                              Seattle, Washington 98101-3034
                                          phone 206.464.4224 | fax 206.583.0359

1    (c)    Declaration of Steven M. Phillips in Support of Plaintiffs' Motion for
2    Temporary Restraining Order and Expedited Discovery, and subjoined
     attachments;

3    (d)    Declaration of Robert S. Hanson in Support of Plaintiffs' Motion for
4    Temporary Restraining Order and Expedited Discovery;

5    (e)    Declaration of Michael Maehl in Support of Plaintiffs' Motion for
6    Temporary Restraining Order and Expedited Discovery;

7    (f)    Declaration of Roger D. Mellem in Support of Plaintiffs' Motion for
8    Temporary Restraining Order and Expedited Discovery, and subjoined
     attachments; and

9    (g)    Second Declaration of Roger D. Mellem, Regarding Notice to
10   Defendants, and subjoined attachments.

(h) *The fact that th[e] stock markets were closed and would not reopen for trading until the July 4 Holiday*

11   After considering the above materials and any written opposition from
12   the Defendants, and hearing oral argument of counsel, this Court has *JE7S*
13   determined that:

## FINDINGS OF FACT

14

15   1.   Plaintiff Piper Jaffray is a broker-dealer of securities with its principal
16        place of business in Minneapolis, Minnesota, and a member firm of the
17        National Association of Securities Dealers, Inc. ("NASD"). Piper Jaffray
18        is a Delaware corporation and maintains an office in Walla Walla,
19        Washington.

20   2.   Plaintiff UBS is a broker-dealer of securities with its principal place of
21        business in New York, New York, and a member firm of the NASD.
22        UBS is a Delaware corporation and does business in the state of
23        Washington.

24   3.   Defendant Fleenor is a former registered representative and employee of
25        Piper Jaffray who operated out of Piper Jaffray's office in Walla Walla,
26        Washington.

TEMPORARY RESTRAINING ORDER
[PROPOSED] – 2

Ryan, Swanson & Cleveland, PLLC

1201 Third Avenue, Suite 3400
Seattle, Washington 98101-3034
phone 206.464.4224 | fax 206.583.0359

4.    Defendant D.A. Davidson & Co. ("D.A. Davidson") is a Montana corporation transacting business in Washington State.

5.    On June 23, 2006, Defendant Fleenor voluntarily resigned his employment with Piper Jaffray and became employed as a registered representative with D.A. Davidson.

6.    Defendant Fleenor entered into a Training Agreement with Piper Jaffray's predecessor, Piper Jaffray & Hopwood ("PJH"), on or about July 19, 1989 ("Training Agreement").

7.    The Training Agreement provides in relevant part at Paragraph E:

> 2.    For ninety (90) days from the end of your employment, you will not directly or indirectly solicit, or assist in the solicitation of any customers of PJH to purchase or sell securities, commodities or deferred annuities; and

> 3.    For ninety (90) days from the end of your employment, you will not directly or indirectly use for your benefit or any other employer any of the customer or business information obtained by you from PJH during the course of employment by PJH.

8.    The Employment Agreement also states: "If your employment with PJH ends, either through termination by PJH or through resignation by you, you will surrender all training materials, account records, customer statements and customer files and other documents pertaining to PJH's customers, business methods and procedures, as well as all copies thereof."

## CONCLUSIONS OF LAW

1.    There is complete diversity of citizenship between the Plaintiffs and the Defendants, and the Court has jurisdiction of this dispute.

TEMPORARY RESTRAINING ORDER
[PROPOSED] – 3

Ryan, Swanson & Cleveland, PLLC

1201 Third Avenue, Suite 3400
Seattle, Washington 98101-3034
phone 206.464.4224 | fax 206.583.0359

2.    The Court has considered the factors specified in *E. & J. Gallo Winery v. Andino Licores S.A.*, 446 F. 3d 984 (9th Cir. 2006), as well as the Washington, Minnesota, and other law cited in Plaintiffs' Motion. "A preliminary injunction is appropriate 'where plaintiffs demonstrate either: (1) a likelihood of success on the merits and the possibility of irreparable injury; or (2) that serious questions going to the merits were raised and the balance of hardships tips sharply in their favor.'" *Id.* at 990 (citations omitted).

3.    The Court specifically finds:

    A.    Plaintiffs have demonstrated that they are likely to succeed on the merits and face the possibility of irreparable injury.

    B.    Plaintiffs have also raised serious questions and the balance of hardships tips sharply in their favor.

    C.    Plaintiffs will suffer irreparable harm if Defendant Fleenor or his agents are permitted to (i) solicit business from Piper Jaffray customers and accounts and/or (ii) use or disclose for his own benefit or for the benefit of his new employer, D.A. Davidson, the records of Piper Jaffray or information taken from Piper Jaffray;

    D.    Plaintiffs will suffer irreparable harm if Defendant D.A. Davidson or its agents are permitted to (i) solicit business from Piper Jaffray customers and accounts using information provided by Defendant Fleenor or any of his agents (ii) use or disclose for its benefit the records of Piper Jaffray or information taken from Piper Jaffray by Defendant Fleenor or any of his agents.

    E.    Plaintiffs do not have an adequate remedy at law; and

TEMPORARY RESTRAINING ORDER
[PROPOSED] – 4

Ryan, Swanson & Cleveland, PLLC

1201 Third Avenue, Suite 3400
Seattle, Washington 98101-3034
phone 206.464.4224 | fax 206.583.0359

F.     In view of the considerations described above, the balance of equities in this matter favors Plaintiffs.

2.     The dispute represented in the above-entitled action should proceed in arbitration in accordance with the rules of NASD Dispute Resolution, Inc. ("NASD-DR").

### ORDER

1.     A Temporary Restraining Order shall issue immediately pursuant to Fed. R. Civ. P. 65(c), with security in the amount of $ *10,000* to be posted by Plaintiffs no later than ~~4:30 p.m.~~ *NOON* on July *5th*, 2006; *An additional request for a TRO*

2.     ~~The show cause~~ hearing on the ~~preliminary injunction~~ is set for July *5th*, 2006 at *1:30* o'clock ~~a.m.~~/p.m. ~~in Room ____ of the courthouse of the Eastern District of Washington at _____, located at~~ *by conference call to 1-509-376-8880* in *Richland*, Washington. - *not in person*

3.     The Defendants are ordered to appear ~~and show cause why a preliminary injunction should not be issued~~ *to respond to this TRO, why it should not continue beyond 7/5/06 and why a preliminary injunction should not issue.*

4.     The parties are hereby directed to use reasonable efforts to proceed with, and cooperate regarding, arbitration of this matter before NASD-DR. Any party may apply to this Court for relief in the event that conduct by another party results in any unwarranted delay of such arbitration proceedings.

5.     Subject to the terms, conditions and exceptions of this Order, Defendants, whether alone or in concert with or through others, including but not limited to, any officer, agent, representative, and/or employee of D.A. Davidson, shall be and hereby are enjoined from soliciting or initiating contact with, directly or indirectly, any customer whom Defendant Fleenor

TEMPORARY RESTRAINING ORDER
[PROPOSED] – 5

Ryan, Swanson & Cleveland, PLLC

1201 Third Avenue, Suite 3400
Seattle, Washington 98101-3034
phone 206.464.4224 | fax 206.583.0359

served and/or first became aware of while employed at Piper Jaffray, and from

soliciting, directly or indirectly, the securities business of any such customer

(other than his immediate family members *and those who had as of 4:30 p.m.*

*July 3, 2006 transferred*

6.    Defendants shall not utilize, directly or indirectly, any information *their accounts*

or documents of Piper Jaffray which Defendant Fleenor obtained while he was *to D.A.*

*Davidson)*

employed with Piper Jaffray.

*JEFS*

7.    The following exceptions shall apply to paragraphs 5, 6 and 7

herein: Defendants may provide advice to, and effect transactions for (a) any

Piper Jaffray customer who initiates contact with Defendants for the purpose of

transferring their Piper Jaffray account to D.A. Davidson and (b) any Piper

Jaffray customers who transferred their account(s) to D.A. Davidson in

response to any mailing or solicitation made by Defendants before this Order

was issued, whether the transfer was made before or after the Order was issued,

provided that as to any such customers who have not yet signed account

transfer paperwork, the Defendants and anyone acting in concert or

participation with them may not communicate, directly or indirectly, to such

customers anything to the effect that Defendants would be free to talk to the

customers if the customers sign account transfer forms.    Collectively, the

customers in subparagraphs (a) and (b) are referred to as "Transferred

Customers."

8.    Defendant Fleenor is hereby ordered to keep a log of all

communications, contacts and transactions he has with all persons who were

customers of Piper Jaffray as of June 23, 2006.    The log shall identify the

person who initiated the contact, the names of the recipient of the contact, the

date and time of the contact, and the subject matter of the communication.

TEMPORARY RESTRAINING ORDER
[PROPOSED] – 6

Should Defendants desire to confirm whether a person or entity is covered by this paragraph, Defendants' counsel shall contact Plaintiffs' counsel to seek confirmation as to whether the person or entity was a customer of Piper Jaffray as of June 23, 2006.

9.    Defendants are ordered to return to counsel for Defendants ~~by 5:30 p.m. on July 5, 2006~~ all original records, copies, computerized information and/or other reproductions thereof, in whatever form, pertaining in any way to Piper Jaffray's customers (including, without limiting the generality of the foregoing, any compilations containing names, addresses, telephone numbers, e-mail addresses and/or account numbers of Piper Jaffray customers). Defendants' counsel shall be entitled to copy such records, but shall not share the documents or their contents with Defendants, who then shall return the originals to counsel for Piper Jaffray ~~no later than 5:30 p.m. on July 6, 2006.~~ ~~Moreover, by 5:30 p.m. on July 6, 2006~~ all information contained in or derived from such records shall be purged from the possession, custody, and control of Defendants. Notwithstanding the foregoing, Defendants may retain copies of documents relating to Transferred Customers.

10.    ~~Specifically,~~ Defendants ~~are~~ ordered to return all of the following documents, whether in written or electronic format: (a) all records or other documents taken from Piper Jaffray or any of its affiliates (including without limitation records created by Fleenor or his agents in connection with his employment by Piper Jaffray); (b) all copies or other reproductions of any of the foregoing records or other documents; (c) all notes or other documents reflecting information taken from Piper Jaffray and any of its affililates; and (d) without limiting the generality of the foregoing, any and all other

TEMPORARY RESTRAINING ORDER
[PROPOSED] – 7

Ryan, Swanson & Cleveland, PLLC

1201 Third Avenue, Suite 3400
Seattle, Washington 98101-3034
phone 206.464.4224 | fax 206.583.0359

1  documents reflecting, memorializing, recording or incorporating information

2  relating to Piper Jaffray customers and/or to their Piper Jaffray accounts

3  (including, without limiting the generality of the foregoing, any compilations

4  containing names, addresses, telephone numbers, e-mail addresses and/or

5  account numbers of Piper Jaffray customers).  Defendants shall deliver all of

6  said materials to legal counsel for Plaintiffs: Roger D. Mellem, Ryan Swanson

7  and Cleveland, PLLC, 1201 Third Avenue, Suite 3400, Seattle, Washington

8  98101.

9       11.     In aid of the ~~preliminary~~ injunction hearing, ~~the time~~ for discovery

10 is shortened ~~to~~ seven (7) calendar days after service.

11      12.     This Order shall remain in full force and effect pursuant to *hearing*

12 Fed. R. Civ. P. 65(b) ~~for ten days from the date of its entry or~~ *until entry of an order following the July 5th, by*

13 *conference call on* NASD-DR arbitration panel that will hear this dispute on its merits elects to

14 modify this Order.                                         *JEJS*

15      SO ORDERED this **3½** day of July, 2006 *at 4:30 p.m.*

16

17                                   _____

18                                   UNITED STATES DISTRICT JUDGE

19

20

21

22

23

24

25

26

1

2 Presented by:

3 RYAN, SWANSON & CLEVELAND, PLLC

4

5

6 By: _____
   Roger D. Mellem, WSBA No. 14917
7 Robin A. Schachter, WSBA No. 23970
   Britenae Pierce, WSBA No. 34032
8 Attorneys for Plaintiffs

9 1201 Third Avenue, Suite 3400
10 Seattle, Washington 98101-3034
   Telephone: (206) 464-4224
11 Facsimile: (206) 583-0359
   mellem@ryanlaw.com
12 schachter@ryanlaw.com
   pierce@ryanlaw.com
13

14

15

16

17

18

19 Of Counsel:

20 SCHUYLER, ROCHE & ZWIRNER, P.C.

21 Michael D. Lee

22 One Prudential Plaza, Suite 3800
   130 East Randolph Street
23 Chicago, IL  60601
   Telephone (312) 565-2400
24 Fax (312) 565-8300
   Attorneys for Plaintiff UBS Financial
25 Services Inc.
26

TEMPORARY RESTRAINING ORDER
[PROPOSED] – 9

Ryan, Swanson & Cleveland, PLLC

1

2  [pro hac vice application to be filed]

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

TEMPORARY RESTRAINING ORDER
[PROPOSED] – 10

Ryan, Swanson & Cleveland, PLLC

1201 Third Avenue, Suite 3400
Seattle, Washington 98101-3034
phone 206.464.4224 | fax 206.583.0359